IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ARTISAN AND TRUCKERS CASUALTY ) COMPANY, a Wisconsin corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CARLOS YARD SERVICE INC.; ) <br> CARLOS YARD SERVICES, INC., dba ) <br> CARLOS TRUCKING; CARLOS CEH; ) <br> SERGIO IXMATLAHUA-COCOTLE; ) <br> FRANCISCO HERNANDEZ-VEGA; ) <br> CELSO RODRIGUEZ; GOMEZ ) <br> BONIFACIO; ANGELES CEH; PABLO ) <br> JAMINEZ CARRASCO; HONORIO ) <br> TELLEZ-CHONCOHUA; FLAVIO ) <br> ALMONTE-CORNEJO; ADAN ) <br> TELLEZ-CHONCOHUA; SANTIAGO, ) <br> ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> ILLINOIS NATIONAL INSURANCE ) <br> COMPANY, ) <br> ) <br> Intervenor/Plaintiff, ) <br> _____) | Civil No. 3:12-cv-01299-JE <br><br> ORDER |

ORDER – 1

JELDERKS, Magistrate Judge:

Defendants Pablo Jimenez Carrasco, the Estate of Valente Joaquin Ramirez, Honorio Tellez, Adan Tellez, Celso Gomez, Santiago Ambrocio Jeronimo, Francisco Hernandez Vega, and Flavio Almontes Cornejo ("Defendants") move to stay or dismiss or the current declaratory judgment action pending resolution of the state court matters involving the above named parties. The parties have requested oral argument. The court, having carefully reviewed the well written memoranda submitted by the parties, finds that oral argument is not necessary to resolve the motion. See L.R. 7-1(d)(1).

For the reasons set forth below, Defendants' motions to stay are granted and therefore the motions to dismiss are moot.

## Background

This insurance coverage action arises from a November 1, 2010 motor vehicle crash in which the Defendants were passengers en route to their work site.

Between July and October 2012, the various defendants filed a total of four complaints in the Multnomah County Circuit Court for the State of Oregon against Carlos Trucking and its president, Carlos Ceh; the driver of the vehicle, Sergio Cocotle Ixmatlahua; and three insurers, Artisan, Northland and Plaintiff Illinois National.

In January 2013, Multnomah County Circuit Court Judge Kelly Skye ordered that the four state court cases pending be consolidated. Defendants assert that all claims by all the injured passengers of the November 2010 crash are now consolidated into one proceeding in state court, that all parties have filed appearances and that discovery has been proceeding.

Artisan filed its complaint for declaratory relief in the Federal District Court for the District of Oregon on July 18, 2012. Plaintiff Illinois intervened on November 13, 2012 and

ORDER – 2

subsequently Artisan voluntarily dismissed all of its claims in the present action. Insurer Northland has also filed a separate declaratory action in this court. On January 23, 2013, Judge Michael Mosman ordered a stay of the Northland case pending resolution of the state court matters.

## Discussion

Defendants argue that the court should stay or dismiss this action because the coverage issues raised by Plaintiff are already being adjudicated in state court. Plaintiff Illinois does not disagree that the coverage issues requiring resolution are the same in the state and federal cases but argues that because the federal case was filed first, this court should proceed with adjudicating the declaratory judgment action.

Federal district courts have discretion to stay or dismiss an action seeking a declaratory judgment. <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277 (1995). In ascertaining whether a stay or dismissal is appropriate, the court considers a number of factors, including whether another action is pending in state court that presents the same issues between the same parties. <u>Brilllhart v. Excess Ins. Co. of Am.</u>, 316 U.S. 491, 495 (1942). The court should also "avoid needless determination of state law issues . . . and it should avoid duplicative litigation in state and federal court." <u>Gov't Employees Ins. Co. v. Dizol</u>, 133 F.3d 1220, 1225 (9th Cir.1998) (en banc).

After considering all of the factors involved here, I am satisfied that the issues between the parties can be better settled in the proceedings pending in the state court. I agree with Defendants that issues of state law and state policy are closely involved in determining liability and coverage questions, especially under personal injury protection ("PIP") and uninsured motorist ("UIM") insurance laws. I am also in agreement that the state court is well suited to deal with these significant issues.

ORDER – 3

However, although it appears that all issues will likely resolve in state court, a stay is more appropriate than a dismissal in the event there is not a complete resolution at the state court level of the issues raised herein.

## Conclusion

Defendants' motions to stay (#s 27-2, 31-2, 33-2, 36-2) are GRANTED. Defendants' alternative motions to dismiss (#s 27-1, 31-1, 33-1, 36-1) are DENIED as moot.

DATED this 14th day of March, 2013.

                                         /s/ John Jelderks
                                         John Jelderks
                                         U.S. Magistrate Judge